[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11657
_____

D.C. Docket No. 1:10-cv-03102-WSD

SHERRYL HUTCH COKER,

Plaintiff-Appellant,

versus

METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY ("MARTA"),

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 17, 2014)

Before WILSON, Circuit Judge, MIDDLEBROOKS, * and ALBRITTON,** District Judges.

_____

* Honorable Donald M. Middlebrooks, United States District Judge for the Southern District of Florida, sitting by designation.
** Honorable W. Harold Albritton, United States District Judge for the Middle District of Alabama, sitting by designation.

PER CURIAM:

Sherryl Hutch Coker sued the Metropolitan Atlanta Rapid Transit Authority ("MARTA") in 2010 for gender-based employment discrimination in violation of Title VII. Coker claimed that MARTA discriminated against her by hiring a man for a newly-created position instead of her. In particular, Coker claimed that her supervisor, who made the hiring decision, told her that the selected candidate "was a male Asian, from Seattle, Washington, would bring diversity to the office." Coker inferred from this statement that her supervisor had chosen the selected candidate because he was male.

On March 19, 2013, the district court granted summary judgment on all of Coker's claims. Coker appealed the district court's decision, arguing that the district court erred in deciding that the supervisor's statement did not constitute direct evidence of discrimination and that, even if not direct evidence, the statement did not combine with other evidence sufficiently to create a genuine issue of material fact on whether MARTA's proffered legitimate, nondiscriminatory reasons for not selecting Coker were pretext for discrimination.

This court reviews the district court's grant of summary judgment *de novo*. *Rojas v. Florida*, 285 F.3d 1339, 1341 (11th Cir. 2002) (per curiam). We review all inferences reasonably drawn from the evidence in a light most favorable to the

2

nonmovant. *White v. Mercury Marine, Div. of Brunswick, Inc.*, 129 F.3d 1428, 1430 (11th Cir. 1997).

A plaintiff has the burden of proving discrimination in a Title VII case, and he or she may establish a claim by direct evidence or by circumstantial evidence. *Hinson v. Clinch Cnty., Ga. Bd. of Educ.*, 231 F.3d 821, 827 (11th Cir. 2000). "Direct evidence is that which shows an employer's discriminatory intent 'without any inference or presumption.'" *Id.* (quoting *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998)). The statement must show that the employment decision at issue was motivated by the protected characteristic, and "'only the most blatant remarks, whose intent could be nothing other than to discriminate on the [protected classification]' are direct evidence of discrimination." *Scott v. Suncoast Beverage Sales, Ltd.*, 295 F.3d 1223, 1227–28 (11th Cir. 2002) (alteration in original) (quoting *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1359 (11th Cir. 1999)). Coker has provided no evidence of the context of the supervisor's statement in this case. In particular, the evidence does not show the statement to have been made in response to a question as to why the other person was hired instead of Coker, and there is no evidence as to whether the statement related in any other way to the supervisor's hiring decision. The court would have to infer or presume that the statement related to the employment decision at issue in

3

this case. Thus, the statement is not direct evidence of discrimination.

Further, as to a circumstantial claim, after a thorough *de novo* review and consideration of the record, the parties' briefs, and the oral arguments of counsel, we find that Coker has failed to present sufficient evidence to create a genuine issue of material fact as to pretext. We further find that MARTA is entitled to judgment based on the facts before the court. Thus, the district court's grant of summary judgment in favor of MARTA is

AFFIRMED.